UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GABRIEL OLIVALEMUS,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY SHERIFF, et al.,<br><br>Defendants. | Case No. 23-cv-04963-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING DKT. NOS. 10, 13; ADDRESSING DKT. NO. 14**<br><br>Re: Dkt. Nos. 10, 13, 14 |

Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. This order also addresses the requests made in Dkt. Nos. 10, 13; and Dkt. No. 14.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

1   grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a

7   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

8   violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

9   U.S. 42, 48 (1988).

**B.       Complaint**

Plaintiff names as defendants Contra Costa County Sheriff, West County Detention Facility Medical Department, and Jane/John Does Nos. 1-20.  The complaint alleges the following.  On August 10, 2023, the screws in Plaintiff's broken right arm started to protrude through the bone and skin, causing internal bleeding and severe pain.  From August 10 to September 20, 2023, Plaintiff repeatedly requested immediate medical care for his arm, including pain medication, a wrist brace, and cream and pills to prevent infection.  Plaintiff's requests were denied.  The nurses took three to four days to respond to each of Plaintiff's request for medical care.  At some unspecified time, Plaintiff filed a grievance and jail medical staff retaliated against him for this grievance by denying him medical care.  Defendants' inactions caused Plaintiff to suffer serious bodily injury, pain, suffering, anguish; and left him permanently disabled.  Plaintiff states that he does not know the true names of the Doe defendants, which is why has sued them as Does.

The complaint's allegation that Plaintiff was denied necessary medical care for the protrusion of screws in his right arm potentially states either a cognizable Eighth Amendment claim or a cognizable Fourteenth Amendment claim, depending on whether Plaintiff is a pretrial detainee or incarcerated pursuant to a conviction and sentence. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment); *Bell v. Wolfish*, 441 U.S. 520,

535 n.16 (1979) (pretrial detainee challenge to conditions of confinement is brought under Due Process Clause of Fourteenth Amendment).  The complaint's allegation that jail officials retaliated against him for filing a grievance states a cognizable First Amendment claim.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.")  (footnote omitted).  However, the Court DISMISSES the complaint with leave to amend for the following reasons.

First, Plaintiff has failed to state a claim against either the Contra Costa County Sheriff or the West County Detention Medical Facility.  Section 1983 liability may be imposed on a defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  There is no Section 1983 liability simply because an individual supervised the alleged wrongdoer.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section 1983, i.e., no liability under theory that one is liable simply because he supervises person who has violated plaintiff's right).  Here, there is no allegation that the Contra Costa County Sheriff denied Plaintiff medical care.  The Contra Costa County Sheriff is not liable under Section 1983 for his employees or subordinates' failure to provide medical care solely because he employs or supervises them.  For similar reasons, Plaintiff has failed to state a claim against the West County Detention Medical Center.  Section 1983 liability can only be imposed on the individual medical staff that violated Plaintiff's constitutional rights.  Subject to certain exceptions which are inapplicable here,[1] Section 1983 liability cannot be imposed upon West

---

[1] A supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation, *Rico v. Ducart*, 980 F.3d 1292, 1303 (9th Cir. 2020); or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation, i.e. if the supervisor knew of the violation and failed to act to prevent it, *Rico*, 980 F.3d at 1303, or the supervisor engaged in culpable action or inaction in the training, supervision, or control of his subordinates, *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018), or the supervisor engaged in conduct that showed a reckless or callous indifference to the rights of others, *id.*; or (3) if the supervisor implemented "a policy so deficient that the policy itself

3

County Detention Medical Center simply because the alleged wrongdoers are employed or supervised by West County Detention Medical Center.

Second, this action cannot proceed against Doe defendants. The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because it is effectively impossible for the United States Marshal to serve an anonymous defendant. The Court's general practice is to dismiss Doe defendants without prejudice and, if the plaintiff is able to identify the unknown defendant through discovery, allow the plaintiff leave to amend the complaint to name the intended defendant. *See Gillespie*, 629 F.2d at 642. In preparing an amended complaint, Plaintiff must identify by name the individual jail official or medical personnel who allegedly violated his state or federal rights. Plaintiff may be able to obtain the names of these individuals by accessing his medical records or using jail procedures.

The Court therefore DISMISSES the complaint with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts).

In preparing an amended complaint, the Court provides Plaintiff with the following guidance. In setting forth his legal claims, Plaintiff should list the alleged constitutional provision or federal law violated; identify by name the individual who committed the alleged constitutional or federal law violation; and specify what the individual did, or did not do, that was either unlawful or unconstitutional, i.e., specify what medical care was needed or requested and not

---

is a repudiation of constitutional rights and is the moving force of the constitutional violation," *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991).

If Plaintiff is seeking to hold the Contra Costa County Sheriff's Department liable for constitutional violations, he is alleging a municipal liability claim against Contra Costa County, and the proper defendant for Plaintiff's municipal liability claim would be Contra Costa County itself. *Cf. Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (dismissing Santa Clara County Department of Corrections from § 1983 action and noting that "[t]he County is a proper defendant in a § 1983 claim, an agency of the County is not"). In order to state a cognizable municipal liability claim against Contra Costa County, Plaintiff must allege facts from which it can be reasonably inferred that the constitutional violations were because of an expressly adopted official county policy, a long-standing county practice or custom, or the decision of a final county policymaker. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (citing *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978)).

4

provided. While Rule 8 does not require detailed factual allegations, Plaintiff should not refer to defendants as a group and should not rely on a general allegation of denial of medical care.

The Court notes that it is unclear if Plaintiff has exhausted his administrative remedies for his claims, as required by the Prison Litigation Reform Act ("PLRA"). The PLRA sets forth the following exhaustion requirement: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff is cautioned that the PLRA's exhaustion requirement is mandatory, *Jones v. Bock*, 549 U.S. 199, 211 (2007), and an action may be dismissed for failure to exhaust administrative remedies.

## C.     Miscellaneous Requests – Dkt. Nos. 10, 13

Plaintiff has requested that the Court appoint a federal court "masters investigator" and a federal court district judge. Dkt. No. 10. This request is DENIED. The Court assumes that Plaintiff is requesting that the federal courts investigate his allegations. The Court does not assign investigators or engage in fact-finding on behalf of litigants.

Plaintiff has also filed a pleading titled "Notice of Motion to Dismiss without Prejudice to File First Amended Complaint purs. to a Bivens Act Complaint pursuant to 28 U.S.C. § 1131(a) and to include names of (5) Unknown Named Does 1-#5 Who's Names Has been Obtained Which Will be included under Tom Bane Act State Tort Claims Civ. Codes § 52. a) b) 1-3 § 52.1, § 52.3, Plaintiff Does Request Civil Summons Forms For U.S. Marshalls Service Be Included (F.R.C.P. 12(b)).". Dkt. No. 13. The Court assumes that Plaintiff is asking that his complaint at Dkt. No. 1 be dismissed without prejudice because he seeks to file an amended complaint that identifies certain defendants by name. The Court DENIES this request as moot. Dkt. No. 13. The Court has already dismissed the initial complaint and granted Plaintiff leave to amend. If the Court finds that Plaintiff's amended complaint states cognizable claims, the Court will order service on the appropriate defendants by the United States Marshal's Service.

//

//

**D.     Dkt. No. 14**

Dkt. No. 14 has the case number for this action, but the plaintiff named on the pleading is Anthony R. Turner, and Dkt. No. 14 is signed by Mr. Turner. Dkt. No. 14. Mr. Turner is not a litigant in this action, and has no standing to seek relief in this action. Any future pleadings filed by him in this action will be returned to Mr. Turner. The Court notes that Mr. Turner is a frequent litigant and has previously been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915(g). *See*, *e.g., Turner v. Cota*, No. CV 17-6853-PSG(E), 2017 WL 6884319, at *1-*6 (C.D. Cal. Oct. 27, 2017) (listing six actions in Central District of California and two in Northern District of California where Turner was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915(g)); *Turner v. Paley*, No. 21-CV-01525-EMC, 2022 WL 16824312, at *1 (N.D. Cal. Oct. 5, 2022); *Turner v. Ghaly*, No. 22-CV-02564-EMC, 2022 WL 16824320, at *2 (N.D. Cal. Oct. 5, 2022).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1.    The Court DENIES Plaintiff's request that the Court appoint a federal investigator or judge to investigate his claims. Dkt. No. 10.

2.    The Court DENIES as moot Plaintiff's request to dismiss his initial complaint without prejudice and with leave to amend. Dkt. No. 13.

3.    The Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 23-04963 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time

provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

This order terminates Dkt. Nos. 10, 13, 14.

**IT IS SO ORDERED.**

Dated:   2/16/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge